IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE DOW CHEMICAL COMPANY RETIREMENT BOARD,<br><br>Plaintiff,<br><br>v.<br><br>ANGELICA TOVAL TRUJILLO SETTLE AND JAMES R. SETTLE III,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## INTERPLEADER COMPLAINT

Plaintiff, The Dow Chemical Company Retirement Board (the "Retirement Board"), files this interpleader complaint against Angelica Toval Trujillo Settle and James R. Settle III.

## NATURE OF THE CASE

1. This is an action for interpleader under Rule 22 of the Federal Rules of Civil Procedure. The Retirement Board seeks declaratory and injunctive relief regarding the proper disposition of funds held in The Dow Chemical Company Employees' Savings Plan (the "Plan"). These funds are payable with respect to James R. Settle, Jr., a deceased former employee of Union Carbide Corporation ("UCC"), and a dispute has arisen between Angelica Toval Trujillo Settle and James R. Settle III over the proper distribution of the funds.

## PARTIES, JURISDICTION, AND VENUE

2. The Retirement Board is a named fiduciary of the Plan.

3. The Plan is a qualified retirement plan regulated by the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, et seq. The Plan is an employee pension benefit plan as defined by § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).

4.  James R. Settle, Jr. ("Mr. Settle, Jr.") is a deceased citizen of West Virginia who during part of his lifetime was employed by UCC. Mr. Settle, Jr. was a participant in the Plan until his death in July 2008.

5.  Angelica Toval Trujillo Settle ("Ms. Trujillo") is a citizen of Mexico and is the ex-wife of Mr. Settle, Jr.

6.  James R. Settle III ("Mr. Settle III") is a citizen of Missouri and is the son of Mr. Settle, Jr.

7.  This Court has jurisdiction over the subject matter of this case pursuant to 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331, 1335.

8.  The Retirement Board, as a named fiduciary of the Plan, is authorized by ERISA § 502(a) to bring this action. The Plan is administered in Midland, Michigan.

9.  Venue is proper in this district because an action under ERISA may be brought in the district court where the plan is administered. 29 U.S.C. § 1132(e)(2).

## GENERAL ALLEGATIONS

10. As an employee of UCC, Mr. Settle, Jr., was eligible to and did participate in the Plan.

11. Mr. Settle, Jr. signed a Plan beneficiary designation form which designated Ms. Trujillo as the primary beneficiary of his Plan account. Mr. Settle Jr. designated Mr. Settle III as the contingent beneficiary. A copy of this beneficiary designation is attached as Exhibit 1.

12. Mr. Settle Jr. was married to Mr. Trujillo when he designated her as the primarily beneficiary, but they subsequently divorced in May of 2008.

13. As part of their divorce, the Family Court of Kanawha County, West Virginia issued a qualified domestic relations order ("QDRO") on May 23, 2008. The QDRO provided

that Ms. Trujillo was to receive $52,000 from the Plan and that she did not have any further "right or claim to any amount held on behalf" of Mr. Settle Jr. under the Plan. A copy of the QDRO is attached as Exhibit 2.

14. The QDRO also provides, "[A]ll benefits payable under the Savings Plan, other than those benefits payable to the Alternate Payee [i.e., the $52,000 distribution], are awarded to the Participant as his sole and separate property and shall be payable to the Participant in such manner and form as the Participant may elect in his sole and undivided discretion, subject only to the provisions of the Savings Plan."

15. Ms. Trujillo waived all remaining Plan interests in the divorce decree.

16. Mr. Settle Jr. did not change his beneficiary designation after the QDRO awarded $52,000 to Ms. Trujillo.

17. In July of 2008, Mr. Settle, Jr. died.

18. Upon information and belief, Mr. Settle Jr. was incapacitated during all periods after his divorce from Ms. Trujillo until his death in July 2008.

19. A representative of Mr. Settle III contacted the Retirement Board and asserted a claim with respect to the assets held in James R. Settle, Jr.'s name in the Plan.

20. In February 2009, the Retirement Board mailed Ms. Trujillo a waiver election form and asked her whether she would waive any and all rights and/or interest in Mr. Settle Jr.'s Plan account. Ms. Trujillo returned the election form and contested the payment of Mr. Settle Jr.'s Plan account to Mr. Settle III. A copy of Ms. Trujillo's election form is attached as Exhibit 3.

21. On April 22, 2009, the Family Court of Kanawha County, West Virginia issued an order directing The Dow Chemical Company to have the Plan pay Mr. Settle Jr.'s remaining

account balance to Mr. Settle III, not Ms. Trujillo. A copy of the April 22, 2009 Order is attached as Exhibit 4.

22. On August 21, 2009, the Retirement Board denied Mr. Settle III's claim.

23. On October 31, 2009, Mr. Settle III's representative appealed this denial to the Retirement Board.

24. The Retirement Board reviewed the claim consistent with the Plan's claim procedures and determined that the assets should be paid to Ms. Trujillo. On December 14, 2009, the Retirement Board denied Mr. Settle III's appeal for benefits. A copy of the December 21, 2009 Retirement Board's denial letter is attached as Exhibit 5.

25. The claim asserted by Mr. Settle III conflicts with the Retirement Board's determination that the Plan assets held with respect to Mr. Settle, Jr. should be paid to Ms. Trujillo and with Ms. Trujillo's claim for payment of the same assets.

26. As of December 2, 2009, the value of assets in Mr. Settle, Jr.'s Plan account was $524,040.52.

## COUNT I

27. Plaintiff repeats and restates the allegations of complaint paragraphs 1 through 26 as paragraph 27.

28. The Defendants have rival claims to moneys held in the Plan with respect to Mr. Settle, Jr.

29. Because of these conflicting claims, Plaintiff is in great doubt as to which Defendant(s) is or are entitled to be paid the amount held in the Plan with respect to Mr. Settle, Jr.

30. The Retirement Board, as administrator of the Plan, cannot pay the moneys held in the Plan with respect to Mr. Settle, Jr. to any Defendant, without facing the risk of having to pay the same funds a second time to another Defendant.

WHEREFORE, Plaintiff demands that the Court adjudge:

A. That each of the Defendants shall be enjoined and restrained from instituting or pursuing any action against Plaintiff for recovery of any amounts held in the Plan with respect to Mr. Settle, Jr.

B. That Plaintiff shall be permitted to maintain all moneys held with respect to Mr. Settle, Jr. in the Plan as they are currently invested pending the resolution of the Defendants' competing claims.

C. That the Defendants be required to interplead and settle between themselves their rights to the moneys due under the Plan with respect to Mr. Settle, Jr. and that Plaintiff be discharged from all liability to Defendants beyond the amount held in the Plan with respect to Mr. Settle, Jr.

DATED: February 2, 2010

Respectfully submitted,

THE DOW CHEMICAL COMPANY
RETIREMENT BOARD

By /s/ Edward J. Bardelli

Edward J. Bardelli
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI 49503-2487
(616) 752.2165 (telephone)
(616) 222.2165 (facsimile)

Ian H. Morrison
Barbara H. Borowski
SEYFARTH SHAW LLP
131 S. Dearborn, Suite 2400
Chicago, Illinois 60603
(312) 460-5000 (telephone)
(312) 460-7000 (facsimile)